UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JEANNINE STURGILL, individually and as the executor of the estate of William Sturgill, deceased; and CLAIRE STURGILL, individually and as mother and next of friend of Wyatt Adair, a minor,<br><br>    Plaintiffs,<br><br>    v.<br><br>FOREST RIVER, INC.; FOREST RIVER MANUFACTURING, LLC; LIPPERT COMPONENTS, INC.; LIPPERT COMPONENTS MANUFACTURING, INC.; SIGMA SWITCHES PLUS, INC.; K&L ASSET HOLDINGS, INC. d/b/a NORTHGATE RV CENTER, INC.; and JOHN DOES # 1-5,<br><br>    Defendants. | CIVIL ACTION NO.<br>1:22-cv-3605-JPB |

## ORDER

This matter is before the Court on Jeannine Sturgill and Claire Sturgill's ("Plaintiffs") Motion for Remand [Doc. 25]. This Court finds as follows:

### BACKGROUND

This case arises from a July 8, 2022 incident in which William Sturgill was crushed to death and his grandson was trapped by a camper's slide-out room

extender.  Plaintiffs, William Sturgill's wife and the grandson's mother, brought this action on August 10, 2022, in the State Court of Gwinnett County against Forest River, Inc. ("Forest River"); Forest River Manufacturing, LLC ("Forest River LLC"); Lippert Components, Inc. ("Lippert"); Lippert Components Manufacturing, Inc. ("Lippert Manufacturing"); Sigma Switches Plus, Inc. ("Sigma"); and K&L Asset Holdings, Inc. ("K&L").[1]  [Doc 1-1].  Forest River, Forest River LLC, Lippert, Lippert Manufacturing, Sigma and K&L are collectively "Defendants."  Plaintiffs brought claims for strict products liability, negligence and failure to warn.

On September 7, 2022, Forest River and Forest River LLC removed the case to this Court pursuant to 28 U.S.C. § 1332, with the consent of all other defendants.  [Doc. 1].  As relevant here, the Notice of Removal contains the following allegations:

- Plaintiffs are citizens and residents of Georgia.  Id. at 4.
- Forest River is incorporated in the State of Indiana with its principal place of business in Elkhart, Indiana, and is thus a citizen of Indiana.  Id.
- Forest River LLC's sole member, Forest River, is a

---

[1] According to the Complaint, Forest River and Forest River LLC designed and manufactured the camper; Lippert and Lippert Manufacturing designed and manufactured the slide-out system for the slide-out room extender; Sigma designed and manufactured the electrical switch that powered the slide-out system; and K&L sold the camper to William and Jeannine Sturgill. [Doc. 1-1, pp. 13–16].

2

- citizen of the State of Indiana. Accordingly, Forest River LLC is a citizen of Indiana. Id. at 5.

- Lippert and Lippert Manufacturing are citizens and residents of the State of Delaware. Id.

- Sigma is a citizen and resident of the State of Indiana. Id.

- K&L's principal place of business and nerve center is and was, as of August 10, 2022, located in the State of Tennessee. Id. at 6.

On October 7, 2022, Plaintiffs filed the instant Motion for Remand. [Doc. 25]. The Motion is now ripe for review.

## LEGAL STANDARD

Federal district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000" and where the action is between "citizens of different states."[2] 28 U.S.C. § 1332(a). In turn, "any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction" may be removed to federal court. Id. § 1441(a). To remove an action to federal court, the defendant must file in the appropriate district court "a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure." Id. § 1446(a). The notice of removal must contain (1) "a

---

[2] The parties do not dispute that the first requirement—the requisite amount in controversy—is satisfied in this case.

3

short and plain statement of the grounds for removal" and (2) " a copy of all process, pleadings, and orders served upon" the defendant in the state court action. Id.

"A party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). This case concerns the citizenship of corporations and of limited liability companies. A corporation is a citizen of every state in which it is incorporated and of the state in which it has its principal place of business. See § 1332(c)(1). A limited liability company, on the other hand, "is a citizen of any state in which a member of the company is a citizen." Rolling Greens, 374 F.3d at 1022. For both corporations and limited liability companies, "[c]itizenship for diversity purposes is determined at the time the suit is filed." MacGinnitie v. Hobbs Grp., LLC, 420 F.3d 1234, 1239 (11th Cir. 2005). Finally, "removal statutes should be construed narrowly, with doubts resolved against removal." Allen v. Christenberry, 327 F.3d 1290, 1293 (11th Cir. 2003).

## ANALYSIS

Plaintiffs contend that remand is warranted for the following reasons: (1) the parties are not diverse because K&L is a citizen of Georgia; and (2) Defendants

failed to sufficiently allege the citizenship of certain defendants or to support those allegations with admissible evidence.

1. **Citizenship of K&L**

Plaintiffs assert that remand is required because K&L is a citizen of Georgia, not Tennessee. To support this assertion, Plaintiffs rely on the allegations in their Complaint and on information that is conveyed on K&L's purported website. According to Plaintiffs, K&L's website advertises that its corporate headquarters moved from Chattanooga, Tennessee, to Ringgold, Georgia, in 2005. See [Doc. 25, p. 9].

In response and consistent with the Notice of Removal, Defendants maintain that K&L "was and is a citizen of Tennessee" and has "no offices in Georgia." [Doc. 34, p. 9]. With their Notice of Removal, Defendants provided an affidavit in which Billy E. Yates, the President of K&L, stated that K&L's principal place of business, "where its corporate decisions are made and its activities are directed, is and was, as of August 10, 2022, located in the State of Tennessee." [Doc. 1-5, pp. 1–2]. In response to the instant Motion, Defendants supplemented these allegations with an additional affidavit from Yates, who attested that K&L is incorporated in Tennessee, that its principal place of business is in Tennessee and that in 2021 it ceased all operations in Georgia. See [Doc. 34-4]. Defendants also

5

contend that the website on which Plaintiffs rely has not been controlled by K&L since 2021.

The record in this case supports a conclusion that K&L's principal place of business is in Tennessee. Defendants have provided a sworn affidavit to that effect, while Plaintiffs rely only on a website that Defendants argue has not been controlled by K&L for some time. See Stokes v. Markel Am. Ins. Co., No. 19-20404-CIV, 2019 WL 8017465, at *3 (S.D. Fla. Apr. 24, 2019) (noting that "website printouts alone do not establish a corporation's principal place of business"). To the extent that Plaintiffs seek remand on the basis that K&L is allegedly a citizen of Georgia, the Court finds that remand is not warranted.

**2. Sufficiency of Citizenship Allegations**

Plaintiffs contend that this Court must remand the case because the Notice of Removal failed to allege the locations of the principal places of business for Lippert, Lippert Manufacturing and Sigma. Plaintiffs also argue that this case must be remanded because Defendants "rely solely on allegations" in the Notice of Removal and failed to provide evidentiary support for those claims. [Doc. 25, p. 7]. Defendants respond that the Notice of Removal complied with § 1446 and that complete diversity exists in this case. [Doc. 34, p. 3].

6

First, Plaintiff has not shown this Court that Defendants were obliged to provide admissible evidence with the Notice of Removal establishing their respective citizenships.  Section 1446 does not require a removing party to provide evidence—such as affidavits or declarations—when removing a case to federal court.  Instead, that statute requires a removing party to file a notice of removal with a short statement of the grounds for removal and a copy of the state court pleadings.  See § 1446(a).  Defendants complied with those requirements.

Second, Plaintiffs are correct, however, that the Notice of Removal does not specifically allege the principal places of business for Lippert, Lippert Manufacturing or Sigma.[3]  Several courts in this circuit have stated that a removing party must allege both the place of incorporation and the principal place of business for a corporate defendant.  Clayton Consulting Servs., Inc. v. Squire Dental Mgmt., LLC, No. 3:20-CV-1165-J-34, 2020 WL 6502662, at *2 (M.D. Fla. Nov. 5, 2020) ("[T]o adequately allege the citizenship of Clayton, a corporation, Squire must affirmatively identify Clayton's state of incorporation *and* its principal place of business."); Green v. Aramark Food & Support Servs. Grp., Inc., No. 15-24599-CIV, 2016 WL 7508245, at *1 (S.D. Fla. Feb. 9, 2016) (noting that the

---

[3] The Court also notes that the Notice of Removal does not allege the state in which K&L is incorporated.

7

party asserting diversity jurisdiction "must allege the corporation's state of incorporation and principal place of business"); Azzo v. Jetro Rest. Depot, LLC, No. 3:11-CV-324-J-34, 2011 WL 1357557, at *2 (M.D. Fla. Apr. 11, 2011) ("If a [d]efendant is a corporation, then [d]efendants must identify the corporation's place of incorporation and principal place of business."); e.g., Tremble v. Liberty Mut. Ins. Co., No. CV 106-192, 2007 WL 1582759, at *2 (S.D. Ga. May 30, 2007) (finding that an allegation with "both the place of incorporation and the principal place of business" for a defendant was "sufficient to comply with the minimum requirements of 28 U.S.C. §§ 1332 and 1446").[4]

---

[4] Numerous courts have applied this same principle in cases that were brought in federal court on the basis of diversity jurisdiction. Worldquest Resort Condo. Owners Ass'n, Inc. v. Hotwire Commc'ns, Ltd, No. 6:21-CV-2095, 2021 WL 8363023, at *1 (M.D. Fla. Dec. 28, 2021) (finding that a complaint failed to allege the plaintiff's citizenship where it did not allege the plaintiff's principal place of business); Bio-Med. Applications of Ga., Inc. v. City of Dalton, 685 F. Supp. 2d 1321, 1339 (N.D. Ga. 2009) ("A pleading is insufficient for jurisdictional purposes when it lacks an allegation of both a corporation's state of incorporation and the location of its principal place of business."); Williams v. Mast Biosurgery USA, Inc., No. 7:08-CV-114, 2008 WL 4185992, at *2 (M.D. Ga. Sept. 5, 2008) ([T]to establish the citizenship of a domestic corporation, [p]laintiff must allege both [the defendant's] state of incorporation and state of principal place of business . . . ."); Muscle Shoals Assocs., Ltd. v. MHF Ins. Agency, Inc., 792 F. Supp. 1224, 1226–27 (N.D. Ala. 1992) ("[A]llegations regarding the citizenship of a corporation must set out the principal place of business as well as the state of its incorporation."); McAllister v. Henderson, 698 F. Supp. 865, 870 (N.D. Ala. 1988) ("[W]here the only basis of federal jurisdiction is diversity, the plaintiffs must allege both the state of incorporation and the state of the principal place of business of each corporate defendant."); see also Wylie v. Red Bull N. Am., Inc., 627 F. App'x 755, 758 (11th Cir. 2015) (affirming the district court's dismissal for lack of subject matter jurisdiction where the plaintiff's "amended complaint d[id] not, on its face, allege that [the defendant's]

The text of the statutes governing removal supports a view that the removing party must allege both components of a corporation's citizenship. Diversity jurisdiction exists where a civil action is between "citizens of different [s]tates," § 1332(a)(1), and for the purposes of both diversity jurisdiction and the removal of civil actions, a corporation is citizen of *both* its place of incorporation *and* the location of its principal place of business, § 1332(c)(1). An action may not be removed on the basis of diversity of citizenship "if any of the parties in interest properly joined and served as defendants is a citizen of the [s]tate in which such action is brought." § 1441(b)(2). Consequently, a notice of removal should allege both dimensions of a corporation's citizenship to allow the Court to ensure that jurisdiction exists because, of course, a corporate defendant could simultaneously be a citizen of two states. See, e.g., Grand Marquis, LLC v. United Nat'l Ins. Co., No. 23-CV-20199, 2023 WL 359002, at *2 (S.D. Fla. Jan. 23, 2023) (noting that where a pleading did not allege a corporation's state of incorporation, "the [c]ourt lacks sufficient information to satisfy the jurisdictional inquiry" (quoting First

---

principal place of business is California"); Fitzgerald v. Seaboard Sys. R.R., 760 F.2d 1249, 1251 (11th Cir. 1985) (remanding to the district court to determine the issue of diversity jurisdiction where "the plaintiff ha[d] not fulfilled his duty in establishing the principal place of business of the defendant").

Home Bank v. Net Zero LLC, No. 3:20-CV-150-J-34, 2020 WL 802518, at *2 (M.D. Fla. Feb. 18, 2020))).

In a footnote, Defendants respond that they did not need to "split out where they were incorporated or where they operated because they were the same." [Doc. 34, p. 8 n.2]. Defendants also contend that by signing the Notice of Removal, counsel essentially "demonstrated that they had a reasonable factual and legal basis" to remove the case to this Court. Id. at 6. In other words, Defendants posit that under Rule 11 of the Federal Rules of the Civil Procedure, their signatures on the removal filings were sufficient to convey that the requirements of § 1441 were met. Defendants do not, however, cite any binding legal authority for these propositions.

Because the Notice of Removal lacks specific allegations about the location of Lippert's, Lippert Manufacturing's and Sigma's principal places of business, it appears to this Court that the Notice of Removal is procedurally defective. See Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc., 561 F.3d 1294, 1297 (11th Cir. 2009) (finding that "the failure to establish a party's citizenship at the time of filing the removal notice is a 'procedural, rather than jurisdictional, defect'" (quoting In re Allstate Ins. Co., 8 F.3d 219, 221 (5th Cir. 1993))).

This finding alone, however, does not warrant remand. Instead, the proper remedy is for Defendants to amend their allegations of citizenship pursuant to 28 U.S.C. § 1653. See Artjen, 561 F.3d at 1297 ("If a party fails to specifically allege citizenship in their notice of removal, the district court should allow that party 'to cure the omission,' as authorized by § 1653."); see, e.g., Dye v. Sexton, 695 F. App'x 482, 485–86 (11th Cir. 2017) (finding that the district court "should have permitted the defendant to amend his notice of removal to cure his defective allegation of citizenship"). Section 1653 provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." § 1653. "[W]here subject matter jurisdiction exists and any procedural shortcomings may be cured by resort to § 1653," there is "no valid reason for the court to decline the exercise of jurisdiction." Artjen, 561 F.3d at 1297 (alteration in original) (quoting In re Allstate, 8 F.3d at 223); see also, e.g., D. J. McDuffie, Inc. v. Old Reliable Fire Ins. Co., 608 F.2d 145, 146 (5th Cir. 1979) (rejecting the proposition that a "missing allegation [about a party's citizenship] is a fatal omission which cannot be cured by amendment").[5]

---

[5] "[D]ecisions of the United States Court of Appeals for the Fifth Circuit . . . handed down by that court prior to the close of business on [September 30, 1981], shall be binding as precedent in the Eleventh Circuit." Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

It is true that "[o]n a motion to remand, the removing party bears the burden of showing the existence of federal subject matter jurisdiction." Conn. State Dental Ass'n v. Anthem Health Plans, Inc., 591 F.3d 1337, 1343 (11th Cir. 2009). Importantly, the Eleventh Circuit Court of Appeals has held that district courts may "consider post-removal evidence in assessing removal jurisdiction." Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 949 (11th Cir. 2000). In response to the instant Motion, Defendants provided sworn affidavits from the following individuals: Scott Meiner, the Chief Supply Chain Officer for Lippert, [Doc. 34-2]; Brian Rothbauer, the President of Sigma, [Doc. 34-3]; and, as noted previously, Yates, the President of K&L, [Doc. 34-4].[6] Meiner declared that Lippert and Lippert Manufacturing are Delaware corporations with their principal places of business in Indiana. [Doc. 34-2, p. 3]. Rothbauer stated that Sigma is incorporated in the State of Indiana with its principal place of business in Elkhart, Indiana. [Doc. 34-3, p. 3]. Yates explained that on February 17, 2021, Northgate RV Center, Inc. ("Northgate"), sold its assets to RV Retailer, Ringgold, LLC; began using the name "K&L"; and ceased any operations in Georgia. [Doc. 34-4, p. 3].

---

[6] Defendants also provided a sworn affidavit from Duane Casteel, a retail relations representative employed by Forest River, [Doc. 34-1], but the citizenships of Forest River and Forest River LLC do not appear to be in dispute. Nonetheless, Casteel reaffirmed that neither Forest River nor Forest River LLC are citizens of Georgia.

Prior to the sale, Northgate had been incorporated in Tennessee since 1994 with its principal place of business in Soddy Daisy, Tennessee.  Id.  These affidavits sufficiently establish the principal places of business for Lippert, Lippert Manufacturing and Sigma.  Cf. El Chico Rests., Inc. v. Aetna Cas. & Sur. Co., 980 F. Supp. 1474, 1482 (S.D. Ga. 1997) (noting that courts need only decide that a defendant's "principal place of business is in a state other than Georgia").

The Court therefore finds that although the Notice of Removal initially failed to allege the principal places of business for Lippert, Lippert Manufacturing and Sigma, Defendants have sufficiently amended these allegations, as permitted by § 1653, in response to the Motion to Remand.  Because the record in this case establishes complete diversity among the parties, remand is not warranted.

## CONCLUSION

For the reasons set forth above, the Motion for Remand [Doc. 25] is **DENIED**.

**SO ORDERED** this 2nd day of May, 2023.

J. P. BOULEE
United States District Judge