UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JEANNINE STURGILL, individually and as the executor of the estate of William Sturgill, deceased; and CLAIRE STURGILL, individually and as mother and next of friend of Wyatt Adair, a minor,<br><br>     Plaintiffs,<br><br>     v.<br><br>FOREST RIVER, INC.; FOREST RIVER MANUFACTURING, LLC; LIPPERT COMPONENTS, INC.; LIPPERT COMPONENTS MANUFACTURING, INC.; SIGMA SWITCHES PLUS, INC.; K&L ASSET HOLDINGS, INC. d/b/a NORTHGATE RV CENTER, INC.; and JOHN DOES # 1-5,<br><br>     Defendants. | CIVIL ACTION NO. 1:22-cv-3605-JPB |

## **ORDER**

This matter is before the Court on the Motion for Partial Dismissal [Doc. 3] filed by Forest River, Inc. and Forest River Manufacturing, LLC (the "Forest River Defendants") and the Partial Motion to Dismiss [Doc. 7] filed by Lippert Components, Inc. and Lippert Components Manufacturing, Inc. (the "Lippert Defendants"). This Court finds as follows:

## FACTUAL AND PROCEDURAL HISTORY

This case arises from a July 8, 2022 incident in which William ("Bill") Sturgill was crushed to death and his grandson was trapped by a camper's slide-out room extender.  Jeannine Sturgill, Bill Sturgill's wife, and Claire Sturgill, the grandson's mother, brought this action on August 10, 2022, in the State Court of Gwinnett County against the Forest River Defendants, the Lippert Defendants, Sigma Switches Plus, Inc. and K&L Asset Holdings, Inc. (collectively, "Defendants").  [Doc. 1-1].  On September 7, 2022, the Forest River Defendants removed the case to this Court with the consent of all other defendants.  [Doc. 1].

On April 30, 2012, Jeannine and Bill Sturgill purchased a new Crusader Touring Edition Camper from K&L Asset Holdings.[1]  [Doc. 1-1, pp. 3, 10].  The camper has two slide-out room extenders, which can be retracted to allow the camper to move.  Id. at 3.  On July 8, 2022, Bill Sturgill and his four-year-old grandson, Wyatt Adair, were inside the rear of the camper when both slide-out room extenders began to close.  Id. at 4.  As a result, the walls of the camper began moving inward, eliminating the interior space where Bill Sturgill and Wyatt Adair

---

[1] According to the Complaint, the Forest River Defendants designed and manufactured the camper; the Lippert Defendants designed and manufactured the slide-out system for the slide-out room extender; and Sigma Switches Plus, Inc. designed and manufactured the electrical switch that powered the slide-out system.  [Doc. 1-1, pp. 13–16].

were standing.  Id.  Wyatt Adair was able to escape, but Bill Sturgill was crushed to death.  Id.

Plaintiffs contend that the hazard posed by the slide-out room extenders was a known problem to Defendants.  Id. at 4.  This hazard was allegedly the subject of past customer complaints and of investigations by the National Highway Traffic Safety Administration ("NHTSA").  Id. at 5.  Plaintiffs assert that the risk of unintended movement by the slide-out room extenders is so prevalent that third parties have begun manufacturing and selling safety mechanisms that can be retrofitted onto Defendants' campers.  Id. at 5.  According to the Complaint, Defendants knew about the "highly dangerous" issue of unintended movement by the slide-out room extenders but never fixed the problem.  Id.  Plaintiffs further assert that Defendants knew or should have known that the camper and its parts were defective, unreasonably dangerous and not accompanied by proper warnings and that they knew or should have known of alternative designs, alternative manufacturing practices or alternative warnings that would have rendered the camper safer.  Id. at 12–13.

Plaintiffs bring three claims against the Forest River Defendants and the Lippert Defendants: [2]  (1) strict liability, (2) negligence[3] and (3) failure to warn. Id. at 13–14.  Plaintiffs also seek attorney's fees and punitive damages.  Id. at 20.

The Forest River Defendants and the Lippert Defendants separately moved for partial dismissal of Plaintiffs' claims.  [Doc. 3]; [Doc. 7].  The Forest River Defendants and the Lippert Defendants move to dismiss Plaintiffs' claims for strict liability and negligence, arguing that these claims are barred by the ten-year statute of repose in O.C.G.A. § 51-1-11.[4]  The Lippert Defendants also contest the sufficiency of Plaintiffs' allegations.  Both motions are ripe for the Court's review.

## LEGAL STANDARD

At the motion-to-dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff."  Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir.

---

[2] Because the other defendants in this case have not sought dismissal, Plaintiffs' claims against them are not discussed in this order.

[3] Specifically, Plaintiffs allege that the Forest River Defendants and the Lippert Defendants breached the duty to exercise due care "in the marketing, manufacture, design, testing, inspection, marketing, distribution, and sale" of the camper and the slide-out system, respectively.  [Doc. 1-1, pp. 13–15].

[4] The Forest River Defendants and the Lippert Defendants do not argue that the statute of repose bars Plaintiffs' claim for failure to warn, and neither group of defendants seeks dismissal of that claim.

1999).  In determining whether this action should be dismissed for failure to state a claim, Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although detailed factual allegations are not necessarily required, the pleading must contain more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Importantly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 570).

## ANALYSIS

The Forest River Defendants and the Lippert Defendants argue that Plaintiffs' strict liability and negligence claims are subject to dismissal because they are barred by Georgia's ten-year statute of repose.  The Lippert Defendants also contend that Plaintiffs failed to allege their claims with sufficient particularity. The Court addresses these arguments below.

## A.    Statute of Repose

Georgia law provides a ten-year statute of repose for products liability claims brought against "[t]he manufacturer of any personal property sold as new

property." O.C.G.A. § 51-1-11(b)(1).  Under § 51-1-11(b), "strict liability actions filed more than ten years after the 'date of the first sale for use or consumption of' the product are completely barred."  <u>Chrysler Corp. v. Batten</u>, 450 S.E.2d 208, 212 (Ga. 1994) (quoting § 51-1-11(b)(2)).  The ten-year statute of repose also applies to products liability actions sounding in negligence.  <u>See</u> <u>id.</u>  However, the statute contains a limited exception:  the ten-year bar does not apply to negligence claims "arising out of conduct which manifests a willful, reckless, or wanton disregard for life or property."  § 51-1-11(c); <u>see also</u>, <u>e.g.</u>, <u>Watkins v. Ford Motor Co.</u>, 190 F.3d 1213, 1216 (11th Cir. 1999) (discussing § 51-1-11 and noting that "negligent design claims filed more than ten years from the date of original purchase are barred unless the defendant acted with a willful, reckless or wanton disregard for property or life").

Jeannine and Bill Sturgill purchased the camper on April 30, 2012.  Consequently, the statute of repose required that any tort claim be brought no later than April 30, 2022.  It is undisputed that this action was filed after that date.  Nevertheless, Plaintiffs assert that the statute of repose does not bar their strict liability and negligence claims for two reasons.  First, Plaintiffs argue that the Georgia Supreme Court tolled the statute of repose when it tolled various filing deadlines during the COVID-19 pandemic.  Second, Plaintiffs contend that their

negligence claim meets the statutory exception for claims arising from willful,

reckless or wanton conduct.  The Court addresses these issues in turn.

### 1.      Whether the Georgia Supreme Court Tolled the Statute of Repose

On March 14, 2020, the Georgia Supreme Court issued an order declaring a

judicial emergency (the "2020 Tolling Order").  See Order Declaring Statewide

Judicial Emergency (Ga. Mar. 14, 2020).  That order included the following

language:

> Pursuant to [O.C.G.A.] § 38-3-62, during the period of this
> Order, the undersigned hereby suspends, tolls, extends, and
> otherwise grants relief from any deadlines or other time
> schedules or filing requirements imposed by otherwise
> applicable statutes, rules, regulations, or court orders, whether
> in civil or criminal cases or administrative matters, including,
> but not limited to any:  (1) statute of limitation; (2) time within
> which to issue a warrant; (3) time within which to try a case for
> which a demand for speedy trial has been filed; (4) time within
> which to hold a commitment hearing; (5) deadline or other
> schedule regarding the detention of a juvenile; (6) time within
> which to return a bill of indictment or an accusation or to bring
> a matter before a grand jury; (7) time within which to file a writ
> of habeas corpus; (8) time within which discovery or any aspect
> thereof is to be completed; (9) time within which to serve a
> party; (10) time within which to appeal or to seek the right to
> appeal any order, ruling, or other determination; and (11) such
> other legal proceedings as determined to be necessary by the
> authorized judicial official.

Id. at 2.  On July 14, 2020, the Georgia Supreme Court reimposed "all deadlines

and other time schedules and filing requirements . . . that are imposed on litigants

by statutes, rules, regulations, or court orders in civil . . . cases . . . and that have been suspended, tolled, extended, or otherwise relieved." <u>See</u> Fourth Order Extending Declaration of Statewide Judicial Emergency, at 3 (Ga. July 10, 2020). On that date, litigants had whatever amount of time remained as of March 14, 2020, under the applicable deadline. <u>See</u> <u>id.</u> at 3–4 ("In cases that were pending before the March 14 Order, litigants will have the same amount of time to file or act after July 14 that they had as of March 14.").

The parties in this case disagree about whether the 2020 Tolling Order tolled statutes of repose. Importantly, the order did not expressly name "statutes of repose" when listing those deadlines that would be tolled or otherwise suspended, but it also clarified that the enumerated deadlines were not exhaustive. <u>See</u> 2020 Tolling Order at 2 (clarifying that the deadlines subject to the order "include[ed]" but were "not limited to" a subsequent list). This Court, therefore, must determine whether the 2020 Tolling Order applied to statutes of repose.

A threshold question for the Court is whether a statute of repose can be tolled at all. A statute of repose is distinct from a statute of limitation, which is "a procedural rule limiting the time in which a party may bring an action for a right which has already accrued." <u>Hill v. Fordham</u>, 367 S.E.2d 128, 131 (Ga. Ct. App. 1988). In contrast, "[a] statute of ultimate repose delineates a time period in which

a right may accrue.  If the injury occurs outside that period, it is not actionable."
Id.  Georgia courts recognize a "bright-line rule" that statutes of repose, unlike
statutes of limitation, cannot be tolled.[5]  Preferred Women's Healthcare, LLC v.
Sain, 823 S.E.2d 569, 576 n.20 (Ga. Ct. App. 2019); see also PTI Royston, LLC v.
Eubanks, 861 S.E.2d 115, 122 (Ga. Ct. App. 2021) ("[I]t is well settled that a
statute of repose cannot be tolled . . . ."), cert. denied, (Ga. Nov. 23, 2021); Trax-
Fax, Inc. v. Hobba, 627 S.E.2d 90, 95 (Ga. Ct. App. 2006) ("[U]nlike a statute of
limitation, a statute of repose generally cannot be waived, if not initially pled, or
tolled.").

Moreover, tolling statutes of repose is contrary to the policies they were
enacted to serve.  By creating "limitations on liability for injuries occurring after a
certain period of time," statutes of repose "are based upon reasonable expectations
about the useful life of . . . a manufactured product."  Hill, 367 S.E.2d at 131.  The
ten-year statute of repose in O.C.G.A. § 51-1-11 was enacted "to address problems
generated by the open-ended liability of manufacturers so as to eliminate stale
claims and stabilize products liability underwriting."  Chrysler Corp., 450 S.E.2d at
212.  Tolling a statute of repose defeats the goal of limiting "open-ended liability"

---

[5] In narrow circumstances, a defendant may be equitably estopped from raising the statute
of repose as a defense.  See Wilhelm v. Houston County, 713 S.E.2d 660, 663 (Ga. Ct.
App. 2011).  Those circumstances are not present in this case.

to the "reasonable expectations" about the life of a product.  <u>See</u> <u>Simmons v.</u>

<u>Sonyika</u>, 614 S.E.2d 27, 30 (Ga. 2005) ("Unlike statutes of limitation, statutes of

repose may not be 'tolled' for any reason, as 'tolling' would deprive the defendant

of the certainty of the repose deadline and thereby defeat the purpose of a statute of

repose." (quoting <u>Nett v. Bellucci</u>, 774 N.E.2d 130, 134 (Mass. 2002))).

The clear Georgia precedent holding that statutes of repose cannot be tolled,

together with the rationale underlying these statutes, precludes this Court from

finding that the 2020 Tolling Order applied to the statute of repose in O.C.G.A. §

51-1-11.[6]  Importantly, the Georgia Court of Appeals recently reached the same

conclusion in analyzing whether judicial emergency orders issued during COVID-

19, including the 2020 Tolling Order, tolled the statute of repose applicable to

medical malpractice actions.  <u>Golden v. Floyd Healthcare Mgmt., Inc.</u>, No.

A23A0118, 2023 WL 4194113, at *9 (Ga. Ct. App. June 27, 2023).  In <u>Golden</u>, the

---

[6] Both parties filed supplemental briefing on <u>Lewis v. Gwinnett County</u>, 885 S.E.2d 320
(Ga. Ct. App. 2023).  In that case, the Court of Appeals of Georgia considered whether
the ante litem notice requirement for suits against counties was subject to the 2020
Tolling Order.  <u>Id.</u> at 322–23.  The court concluded that "[b]ecause the sole purpose of an
ante litem notice is to preserve a cause of action in a civil case, . . . the filing of the ante
litem notice . . . is a deadline in a civil case within the meaning of the emergency order."
<u>Id.</u> at 323.  The court, however, expressly limited its holding to "the unique facts of [the]
case" and noted that it "[did] not address any other period of limitation or repose."  <u>Id.</u> at
323 n.1.

court held clearly that "statutes of repose are not included within the ambit of [these] emergency orders."  Id.

Moreover, tolling the statute of repose in this instance would make little sense.  At the time the Georgia Supreme Court issued the 2020 Tolling Order—on March 14, 2020—Plaintiffs had no claims at all.  Their claims arose months later, on July 8, 2022.  Plaintiffs have not explained how this Court may toll a statue of repose when doing so is not permitted under Georgia law, nor have they articulated how claims not yet in existence may be tolled.  And to the extent that Plaintiffs' Complaint simply asserts that the statute of repose has not run on Plaintiffs' claims because of the 2020 Tolling Order, that assertion is a legal conclusion that this Court need not accept as true.  Franklin v. Curry, 738 F.3d 1246, 1248 n.1 (11th Cir. 2013) (noting that courts "afford no presumption of truth to legal conclusions").  The Court therefore finds that the 2020 Tolling Order did not toll the statute of repose.

## 2. Whether Plaintiffs Sufficiently Alleged Willful, Reckless or Wanton Disregard for Property or Life

Because the Court concluded that the 2020 Tolling Order did not toll the statute of repose, Plaintiffs' negligence claims may proceed only if those claims meet the exception provided in O.C.G.A. § 51-1-11(c).  This "statute does not bar [negligence] claims filed more than ten years from the first date of sale if the

plaintiff is able to adduce evidence sufficient to support a finding that the

manufacturer acted with a 'willful, reckless or wanton disregard for property or

life.'" Watkins, 190 F.3d at 1216. For the purposes of § 51-1-11(c), "[w]ilful

conduct is based on an actual intention to do harm or inflict injury; wanton conduct

is that which is so reckless or so charged with indifference to the consequences . . .

[as to be the] equivalent in spirit to actual intent." Chrysler Corp., 450 S.E.2d at

212 (alterations in original) (quoting Hendon v. DeKalb County, 417 S.E.2d 705,

712 (Ga. Ct. App. 1992)). An act is "reckless" when it is "'intended by the actor,

[although] the actor does not intend to cause the harm which results from it'" and

when the actor "'should realize that there is a strong probability that harm may

result, even though he hopes or even expects that his conduct may prove

harmless.'" Chrysler Grp., LLC v. Walden, 792 S.E.2d 754, 760–61 (Ga. Ct. App.

2016) (quoting Arrington v. Trammell, 62 S.E.2d 451, 455 (Ga. Ct. App. 1950)).

      To plead a negligence claim under the exception in § 51-11-1(c), Plaintiff's

Complaint must contain factual allegations supporting the assertion that the Forest

River Defendants[7] and the Lippert Defendants engaged in conduct that was willful,

---

[7] The Forest River Defendants do not seem to contest the sufficiency of Plaintiffs'
allegations on this issue. See [Doc. 3, p. 11] (conceding that "Plaintiffs are . . . limited to
pursuing claims for alleged willful, wanton, and reckless conduct and alleged failure to
warn"). However, because the Forest River Defendants moved to dismiss Plaintiffs'

wanton or reckless.  <u>Roe v. Aware Woman Ctr. for Choice, Inc.</u>, 253 F.3d 678, 683 (11th Cir. 2001) ("[I]t is . . . necessary that a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" (quoting <u>In re Plywood Antitrust Litig.</u>, 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981))).

In the Complaint, Plaintiffs allege that Defendants have known of the "dangerous crash hazard" inherent in the slide-out room extenders because the hazard has been the subject of consumer complaints and NHTSA investigations; that the hazard is so prevalent that third parties have manufactured potential solutions; and that "[w]hile Defendants knew about the highly dangerous issue of unintended movement of their slide-out room extenders, Defendants never fixed the problem."  [Doc. 1-1, pp. 4–5].  Plaintiffs also assert that Defendants could have taken various steps to remedy the dangerous condition but chose not to do so. <u>Id.</u> at 6.

Taken together, these allegations are sufficient for Plaintiffs to maintain their negligence claims "notwithstanding the fact that [this] action [was] initiated more than ten years from 'the date of the first sale.'"  <u>Chrysler Corp.</u>, 450 S.E.2d at 212

---

strict liability *and* negligence claims on the basis of the statute of repose, the Court includes the Forest River Defendants in this analysis.

(quoting O.C.G.A. § 51-1-11(c)).  Plaintiffs have pled particularized facts—which, at this stage of the proceeding, this Court must accept as true—showing that Defendants knew of a dangerous hazard in the camper and failed to address it. Pledger v. Reliance Tr. Co., 240 F. Supp. 3d 1314, 1321 (N.D. Ga. 2017) ("At the motion to dismiss stage, the court accepts all the well-pleaded facts in the plaintiff's complaint as true, as well as all reasonable inferences drawn from those facts.").  The pleading thus shows reckless, if not wanton, conduct, on the part of Defendants.

* * *

In sum, Plaintiffs' strict liability claims must be dismissed as barred by the statute of repose.  Because the Complaint adequately alleges that Defendants acted with at least reckless disregard for life, Plaintiffs' negligence claim is not barred by the statute of repose and is not subject to dismissal.

**B.     Sufficiency of Plaintiffs' Allegations**

The Lippert Defendants contend that the Complaint "fails to give fair notice of which allegations actually involve the Lippert Defendants."  [Doc. 7, p. 4]. Specifically, the Lippert Defendants assert that Plaintiffs' negligence claim may not proceed under § 51-1-11(c) because the Complaint lacks particularized

14

allegations about whether the Lippert Defendants themselves actually engaged in willful, reckless or wanton behavior.

The Eleventh Circuit Court of Appeals has rejected the argument that a complaint provides inadequate notice simply because it does not address defendants individually: "The fact that defendants are accused collectively does not render the complaint deficient.  The complaint can be fairly read to aver that all defendants are responsible for the alleged conduct."  Kyle K. v. Chapman, 208 F.3d 940, 944 (11th Cir. 2000); see also Quality Auto Painting Ctr. of Roselle, Inc. v. State Farm Indem. Co., 917 F.3d 1249, 1275 (11th Cir. 2019) (finding that a complaint specifying that the term "Defendants" referred to "each and every Defendant" provided sufficient notice).  This Complaint can be read in such a manner, particularly where Defendants each held a role in the manufacture, design and sale of the subject product.  Insofar as the Lippert Defendants argue that Plaintiffs failed to allege that they engaged in willful, reckless or wanton disregard for life or property, the Lippert Defendants' motion is due to be denied.

## CONCLUSION

For the reasons set forth above, the Forest River Defendants' Motion for Partial Dismissal [Doc. 3] is **GRANTED IN PART**.  The Lippert Defendants' Partial Motion to Dismiss [Doc. 7] is **GRANTED IN PART**.  Plaintiffs' strict

liability claims against the Forest River Defendants and the Lippert Defendants are

**DISMISSED**.

      **SO ORDERED** this 29th day of June, 2023.

_____
**J. P. BOULEE**
United States District Judge